**Exhibit 1- Complaint**

Electronically Filed
2/16/2021 3:43 PM
Steven D. Grierson
CLERK OF THE COURT

**COMJD**
STEVEN H. BURKE, ESQ.
Nevada Bar No. 14037
LAW OFFICE OF STEVEN H. BURKE, LLC
D.B.A. THE 808 FIRM
9205 W. Russell Road, Suite 240
Las Vegas, Nevada 89148
T: 702-793-4369 | F: 702-793-4301
Email: stevenburkelaw@gmail.com

*Attorney for Plaintiff*

CASE NO: A-21-829501-C
Department 1

**EIGHTH JUDICIAL DISTRICT COURT**

**CLARK COUNTY, NEVADA**

| | |
|---|---|
| LIKA FUENTES, an individual | Case No. |
| Plaintiff, | Dept. No. |
| vs. | **COMPLAINT WITH JURY DEMAND** |
| GYPSUM RESOURCES MATERIALS LLC.; DOES I through X; and ROE Corporations XI through XX, inclusive, | |
| Defendant. | |

**COMPLAINT**

COMES NOW Lika Fuentes ("Plaintiff" or "Ms. Fuentes"), by and through her attorney, Steven H. Burke, Esq. of Law Office of Steven H. Burke, and hereby files her Complaint and complains of Defendant Gypsum Resources Materials LLC ("Defendant" or "Steelman") as follows:

**VENUE AND JURISDICTION**

1. This is a civil action for damages under state and federal laws prohibiting unlawful employment actions and to secure the protection of and to redress deprivation of rights under these laws.

2. Jurisdiction and venue are based upon federal and state law.

3. Jurisdiction and venue are also proper based upon Plaintiff's claims under Nevada state and common law.

Law Office of Steven H. Burke, LLC
d.b.a. The 808 Firm
9205 W. Russell Rd., Ste. 240, Las Vegas, NV, 89148
TEL.: (702) 793-4369  FAX: (702) 793-4301

4.      Plaintiff hereby designates Clark County as the venue for this proceeding per NRS § 13.040 and files in the Eighth Judicial District Court accordingly.

5.      The alleged unlawful employment actions occurred in this judicial district.

**PARTIES**

6.      At all times relevant, Plaintiff is and was an individual residing in Clark County, Nevada.

7.      At all times relevant, Defendant is and was a Nevada Limited Liability Company created under the laws of the State of Nevada.

8.      At all times relevant, Defendant was conducting business in Clark County, Nevada.

9.      At all times relevant, Defendant had custody and/or control over Plaintiff and her employment, and Defendant was responsible for Plaintiff's labor and employment matters.

10.     At all times relevant, Plaintiff was an employee of Defendant as that term is defined in NRS Chapter 608, NRS Chapter 613, 29 U.S.C. § 203, and 42 U.S.C. § 2000e.

11.     At all times relevant, Defendant was Plaintiff's employer as that term is defined in NRS Chapter 608, NRS Chapter 613, 29 U.S.C. § 203, and 42 U.S.C. § 2000e.

12.     The true names and capacities, whether individual, corporate, associate or otherwise of other Defendants hereinafter designated as Does I-X and Roe Corporations XI-XX, inclusive, who are in some manner responsible for the injuries described herein, and who were, upon information and belief, Plaintiff's "employer" is unknown to Plaintiff at this time who therefore sues said Defendants by such fictitious names and will seek leave of the Court to amend this Amended Complaint to show their true names and capacities when ascertained.

13.     Plaintiff hereby demands a jury trial on all issues triable by jury herein.

**PROCEDUARL REQUIREMENTS**

14.     Plaintiff has satisfied all administrative and jurisdictional requirements necessary to maintain this lawsuit. Plaintiff timely filed her charge of discrimination with the Nevada Equal Rights Commission ("NERC") on or about March 10, 2020. *See* a true and correct copy of Plaintiff's Charge of Discrimination attached hereto as **Exhibit 1**.

Law Office of Steven H. Burke, LLC
d.b.a. The 808 Firm
9205 W. Russell Rd., Ste. 240, Las Vegas, NV. 89148
TEL.: (702) 793-4369   FAX: (702) 793-4301

15.     On or about November 19, 2020, the Equal Employment Opportunity Commission ("EEOC") issued Plaintiff a right to sue. *See* a true and correct copy of Plaintiff's Right to Sue attached hereto as **Exhibit 2**.

## **FACTUAL ALLEGATIONS**

16.     On or about July 29, 2019, Ms. Fuentes began her employment with Defendant as a Driver.

17.     At all times relevant, Ms. Fuentes was an exemplary employee while employed by Defendant and promoted to Safety Manager.

18.     Ms. Fuentes experienced severe and pervasive sexual harassment while employed by Defendant.

19.     Defendant's Transportation Manager ("Manager") began sexually harassing Ms. Fuentes as soon as she became employed with Defendant.

20.     Manager would often tell Ms. Fuentes that he wanted to sleep with her and that she looked sexier now that she wasn't pregnant.

21.     Manager would often inappropriately place his hands upon Ms. Fuentes' body, touch her lower back, hug her, and massage her shoulders.

22.     Ms. Fuentes adamantly refused to be touched by Manager and informed him that she did not want to be touched. Nevertheless, he continued to inappropriately touch and sexually harass her.

23.     Ms. Fuentes understood Manager's acts as stereotypical and discriminatory on the basis of her sex.

24.     Despite this hostile work environment, Ms. Fuentes continued to be an excellent employee.

25.     On many occasions, Ms. Fuentes worked in excess of 40 hours per week.

26.     On many occasions, Defendant would instruct Ms. Fuentes to come into work 3 or 4 hours before her scheduled shift or stay 3 our 4 hours after her scheduled shift to cover work that Manager would not complete.

27.     Ms. Fuentes worked many extra hours that she was not compensated for.

Law Office of Steven H. Burke, LLC
d.b.a. The 808 Firm
9205 W. Russell Rd., Ste. 240, Las Vegas, NV. 89148
TEL.: (702) 793-4369   FAX: (702) 793-4301

Law Office of Steven H. Burke, LLC
d.b.a. The 808 Firm
9205 W. Russell Rd., Ste. 240, Las Vegas, NV. 89148
TEL.: (702) 793-4369  FAX: (702) 793-4301

28.     Defendant often times paid Ms. Fuentes late and her payroll checks would often times be returned for insufficient funds.

29.     Ms. Fuentes made internal complaints to Defendant about Manager's discriminatory actions and disparate treatment.

30.     Upon information and belief, Defendant did not investigate Ms. Fuentes' complaints about Manager.

31.     On or about November 18, 2019, Ms. Fuentes returned to work after an approved FMLA maternity leave.

32.      On or about December 2, 2019, Defendant terminated Ms. Fuentes.

33.     Defendant's termination of Ms. Fuentes occurred a short time after she made internal complaints and a short time after she returned to work after her pregnancy.

34.     Defendant's proffered reason of terminating Ms. Fuentes was a reduction in work force.

35.     Defendant's proffered reason for termination was pretextual.

**FIRST CAUSE OF ACTION**
**SEX DISCRIMINATION/HARASSMENT**
**TITLE VII 42 U.S.C. § 2000(e)** *et seq.* **/ NRS § 613.330**

36.     Ms. Fuentes hereby realleges and incorporates each and every allegation previously made herein.

37.     As set forth fully herein, Ms. Fuentes was subjected to unwelcome sexual harassment and/or discrimination.

38.     As set forth fully herein, Ms. Fuentes is a member of a protected class, female

39.     Defendant discriminated, harassed, and terminated Ms. Fuentes on the basis of her sex.

40.     Defendant committed unlawful actions, including but not limited to, sexually explicit comments, inappropriate touching of Ms. Fuentes, and harassment of Ms. Fuentes as a female. Such actions constitute unlawful sex discrimination and harassment.

41.     Defendant's unlawful conduct that Ms. Fuentes was forced to endure was so severe

and pervasive that it was frequent, humiliating, and interfered with Ms. Fuentes' ability to work.

42.    Defendant's sexual conduct was sufficiently severe or pervasive as to alter the compensation, terms, conditions and privileges of Ms. Fuentes' employment.

43.    Defendant, through its agents, became aware of sexual harassment and/or discrimination that Ms. Fuentes experienced and took no action to stop it.

44.    Given the aforementioned, Defendant's conduct was so severe and pervasive as to constitute an objective abusive hostile work environment in violation of Title VII, 42 U.S.C. §2000(e) *et seq*. Defendant, in creating, condoning, and perpetuating a sexually hostile work environment, has engaged in a discriminatory practice with discriminatory hostility upon Ms. Fuentes' status as a female, with malice or reckless indifference to Ms. Fuentes' federally protected rights.

45.    All of Defendant's unlawful actions described herein were done willfully and intentionally and in reckless disregard of Ms. Fuentes' protected rights under federal law.

46.    As a direct and proximate result of Defendant's unlawful activity, Ms. Fuentes has sustained damages in excess of Fifteen Thousand Dollars ($15,000.00).

47.    The conduct of Defendant has been malicious, fraudulent or oppressive and was designed to vex, annoy, harass or humiliate Ms. Fuentes and, thus, Ms. Fuentes is entitled to punitive damages.

48.    As a result of Defendant's conduct, as set forth herein, Ms. Fuentes has been required to retain the services of an attorney and, as a direct, natural, and foreseeable consequence thereof, has been damaged thereby, and is entitled to reasonable attorney's fees and costs.

### SECOND CAUSE OF ACTION
### RETALIATION
### 42 U.S.C. § 12203 / 42 U.S.C. § 12101e *et seq.* / NRS § 613.340

49.    Ms. Fuentes hereby realleges and incorporates each and every allegation previously made herein.

50.    As set forth more fully above, Defendant retaliated against Ms. Fuentes when she opposed discrimination and unlawful conduct, in good faith, as detailed in her internal

Law Office of Steven H. Burke, LLC
d.b.a. The 808 Firm
9205 W. Russell Rd., Ste. 240, Las Vegas, NV. 89148
TEL.: (702) 793-4369   FAX: (702) 793-4301

complaint(s) and/or discussion(s) with Defendant.

51.     There exists a temporal proximity in relation to Ms. Fuentes's complaints of unlawful discrimination and Ms. Fuentes's resulting termination.

52.     Defendant retaliated against Ms. Fuentes when she opposed discrimination and unlawful conduct by terminating Ms. Fuentes and subjecting her to harassing behavior.

53.     Defendant's retaliatory action was in response to Ms. Fuentes' opposition to Defendant's unlawful discrimination.

54.     Defendant's termination of Ms. Fuentes constituted a retaliatory discharge in violation of 42 U.S.C. §2000(e) *et seq*., and NRS § 613.340.

55.     By taking these adverse actions, Defendant has engaged in discriminatory practices with malice and/or with reckless disregard to Ms. Fuentes's protected rights.  As a result, Ms. Fuentes has been damaged.

56.     As a direct and proximate result of Defendant's unlawful activity, Ms. Fuentes has sustained damages in excess of Fifteen Thousand Dollars ($15,000.00).

57.     Defendant has acted willfully and maliciously, and with oppression, fraud, or malice, and as a result of Defendant's wrongful conduct, Ms. Fuentes is entitled to an award of exemplary or punitive damages.

58.     As a result of Defendant's conduct, as set forth herein, Ms. Fuentes has been required to retain the services of an attorney and, as a direct, natural, and foreseeable consequence thereof, has been damaged thereby, and is entitled to reasonable attorney's fees and costs.

## THIRD CAUSE OF ACTION
## NEGLIGENT HIRING, TRAINING, AND SUPERVISION

59.     Ms. Fuentes hereby realleges and incorporates each and every allegation previously made herein.

60.     Defendant breached its duty of reasonable care to protect Ms. Fuentes from the negligent and/or careless actions of their own agents, officers, employees, customers and others.

61.     Defendant breached its duty of reasonable care by hiring individuals with a propensity towards committing unlawful acts against Ms. Fuentes.

Law Office of Steven H. Burke, LLC
d.b.a. The 808 Firm
9205 W. Russell Rd., Ste. 240, Las Vegas, NV. 89148
TEL.: (702) 793-4369   FAX: (702) 793-4301

62.     Defendant breached its duty of reasonable care by failing to adequately train and supervise their employees by with lawful policies and procedures of discrimination, harassment, and retaliation.

63.     As a direct and proximate result of Defendant's conduct described hereinabove, Ms. Fuentes has been damaged in an amount in excess of Fifteen Thousand Dollars ($15,000).

64.     As a result of Defendant's conduct, as set forth herein, Ms. Fuentes has been required to retain the services of an attorney, and, as a direct, natural, and foreseeable consequence thereof, has been damaged thereby, and is entitled to reasonable attorney's fees and costs.

65.     Defendant acted willfully and maliciously, and with oppression, fraud, or malice, and a result of Defendant's wrongful conduct, Ms. Fuentes is entitled to an award of exemplary or punitive damages.

**FOURTH CAUSE OF ACTION**
**VIOLATION OF THE FAIR LABOR STANDARDS ACT**
**WAGES 29 U.S.C. §203 *et seq*.**

66.     Ms. Fuentes hereby realleges and incorporates each and every allegation previously made herein.

67.     This count arises from Defendant's violation of the FLSA, 29 U.S.C. § 201 *et seq*., for its failure to pay Ms. Fuentes minimum wage for each hour worked.

68.     At all material times hereto, Ms. Fuentes was employed by Defendant as an "employee" within the meaning of §203(e)(1) of the FLSA.

69.     Ms. Fuentes performed a variety of job duties and responsibilities for Defendant within this judicial district.

70.     Ms. Fuentes performed labor and services that are subject to the aforesaid provisions of the FLSA and Ms. Fuentes was an employee of Defendant during the time period pertinent to this Complaint.

71.     At all material times hereto, Defendant was Ms. Fuentes's "employer" per the FLSA, 29 U.S.C. §203(d).

72.     At all times relevant and during the course of her employment for Defendant, Ms.

Law Office of Steven H. Burke, LLC
d.b.a. The 808 Firm
9205 W. Russell Rd., Ste. 240, Las Vegas, NV, 89148
TEL.: (702) 793-4369   FAX: (702) 793-4301

Fuentes was employed by Defendant and was not exempt from the minimum wage provisions of the FLSA.

73.     Pursuant to 29 U.S.C. § 206, Ms. Fuentes was entitled to be compensated at a rate of minimum wage for each hour worked.

74.     Defendant did not pay Ms. Fuentes the proscribed minimum compensation for such work.

75.     Defendant's failure and refusal to pay lawful wages, to Ms. Fuentes violated the FLSA, 29 U.S.C. §§ 206-07, et seq.

76.     Defendant willfully violated the FLSA by refusing to pay Ms. Fuentes all lawful wages that she earned.

77.     All of the alleged various violations of the law herein were committed intentionally and/or willfully by Defendant herein.

78.     Per the FLSA, Ms. Fuentes seeks all available damages including but not limited to attorneys' fees, liquidated damages, and all lawful wages.

79.     Ms. Fuentes seeks a judgment for unpaid minimum wages and overtime compensation, and additional liquidated damages of 100% of any unpaid minimum wage compensation, such sums to be determined based upon an accounting of the hours worked by, and wages actually paid to Ms. Fuentes.

**FIFTH CAUSE OF ACTION**
**FAILURE TO PAY WAGES**
**NEVADA CONSTITUTION / NRS § 608.05 *et seq*.**

80.     Ms. Fuentes hereby realleges and incorporates each and every allegation previously made herein.

81.     Pursuant to Article 15, Section 16 of the Nevada Constitution, and/or NRS § 608.018, *et. seq.*, Ms. Fuentes was entitled to receive lawful minimum wage.

82.     Upon information and belief, Defendant did not maintain all personnel records as required under NRS § 608.115.

83.     Defendant did not pay Ms. Fuentes the proscribed minimum compensation for

Law Office of Steven H. Burke, LLC
d.b.a. The 808 Firm
9205 W. Russell Rd., Ste. 240, Las Vegas, NV, 89148
TEL.: (702) 793-4369   FAX: (702) 793-4301

Law Office of Steven H. Burke, LLC
d.b.a. The 808 Firm
9205 W. Russell Rd., Ste. 240, Las Vegas, NV. 89148
TEL.: (702) 793-4369  FAX: (702) 793-4301

such work.

84.  Specifically, Defendant's refusal to compensate Ms. Fuentes for all her commission earned is an unlawful deduction under NRS §608 *et seq.*

85.  Defendant's failure and refusal to pay lawful wages to Ms. Fuentes violated the Nevada Constitution and NRS § 608 *et seq.*

86.  Defendant's failure to pay Ms. Fuentes for all wages earned is also an unlawful decrease under NRS § 608.100.

87.  As a result of the foregoing, Ms. Fuentes seeks a judgment against Defendant for the wages owed to her as prescribed by NRS § 608.140, to wit, for a sum equal to up to thirty days' wages, along with interest, costs and attorney's fees.

88.  Further, Ms. Fuentes seeks all damages under NRS § 608.115 for failure to maintain appropriate personnel records.

89.  Ms. Fuentes also seeks all damages under NRS § 608.100 for an unlawful decrease of compensation.

90.  As a direct proximate result of Defendants' failure to pay lawful wages to Ms. Fuentes, she has suffered general, special, and consequential damages in an amount in excess of Fifteen Thousand Dollars ($15,000.00).

91.  Defendant's acts and/or omissions were fraudulent, malicious, and/or oppressive under NRS § 42.005 and as such Ms. Fuentes is entitled to an award of punitive damages in excess of Fifteen Thousand Dollars ($15,000.00).

92.  It was necessary for Ms. Fuentes to retain the services of an attorney to file this action, which entitles Ms. Fuentes to an award of reasonable attorneys' fees and costs in this suit.

**WHEREFORE**, Plaintiff prays for judgment against Defendant as follows:

1.  For general damages in excess of $15,000.00;

2.  For special damages;

3.  For consequential damages;

4.  For punitive damages;

5.  For all damages and relief owed to Plaintiff under the Nevada Constitution and

Nevada law;

6.     For attorneys' fees and costs incurred in this action; and

7.     Such other and further relief as the Court may deem just and proper.

DATED this 16th day of February, 2021.

LAW OFFICE OF STEVEN H. BURKE

By:      /s/ Steven H. Burke
         STEVEN H. BURKE, ESQ.
         Nevada Bar No.: 14037
         9205 W. Russell Rd., Ste. 240
         Las Vegas, Nevada 89148
         T:  702-793-4369  |  F:  702-793-4301
         Email: stevenburkelaw@gmail.com
         *Attorney for Plaintiff*

Law Office of Steven H. Burke, LLC
d.b.a. The 808 Firm
9205 W. Russell Rd., Ste. 240, Las Vegas, NV, 89148
TEL.: (702) 793-4369  FAX: (702) 793-4301

# EXHIBIT "1"

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA  ☒ EEOC | 487-2020-00528 |

**Nevada Equal Rights Commission** and EEOC
*State or local Agency, if any*

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone *(Incl. Area Code)* | Date of Birth |
|---|---|---|
| **Ms. Lika K. Fuentes** | **(808) 265-9253** | **1989** |

| Street Address | City, State and ZIP Code | |
|---|---|---|
| **2300 E Silverado Ranch Blvd. Apt. 1054, Las Vegas, NV 89183** | | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| **GYPSUM RESOURCES MATERIALS LLC.** | **500 or More** | **(800) 898-4274** |

| Street Address | City, State and ZIP Code | |
|---|---|---|
| **8912 Spanish Ridge Avenue, Suite 200, Las Vegas, NV 89148** | | |

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code | |
|---|---|---|
| | | |

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

☐ RACE  ☐ COLOR  ☒ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☒ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ GENETIC INFORMATION
☐ OTHER *(Specify)*

DATE(S) DISCRIMINATION TOOK PLACE
Earliest **07-29-2019**  Latest **12-02-2019**

☐ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

On or about July 29, 2019, I was hired by Gypsum Resources Materials, LLC. in the position of Driver. My last position held was Safety Manager. Throughout my employment, I was sexually harassed by Manager, Dino LNU. Such as, but not limited to, Dino LNU subjecting me to sexually explicit comments on a constant basis, trying to hug me, putting his hands on me, trying to touch my lower back, trying to massage my shoulders, saying I looked sexier now that I am not pregnant, and that he wanted to sleep with me. I informed Human Resources, Marie Halliday, and my Supervisor, Erik Zhicalyuk, of the hostile work environment; however, no action was taken to investigate or to promptly correct. On or about December 02, 2019, I was discharged and was given the reason of a reduction in force.

I believe I was discriminated against because of my Sex (Female), and Retaliated against for engaging in a protected activity, in violation of Title VII of the Civil Rights Act of 1964, as amended.

I believe that a class of individuals were discriminated against due to their Sex (Female) and Retaliated against for engaging in a protected activity, in violation of Title VII of the Civil Rights Act of 1964, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| 3-10-20 _____  *Date*    *Charging Party Signature* | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |

28.    Defendant often times paid Ms. Fuentes late and her payroll checks would often times be returned for insufficient funds.

29.    Ms. Fuentes made internal complaints to Defendant about Manager's discriminatory actions and disparate treatment.

30.    Upon information and belief, Defendant did not investigate Ms. Fuentes' complaints about Manager.

31.    On or about November 18, 2019, Ms. Fuentes returned to work after an approved FMLA maternity leave.

32.    On or about December 2, 2019, Defendant terminated Ms. Fuentes.

33.    Defendant's termination of Ms. Fuentes occurred a short time after she made internal complaints and a short time after she returned to work after her pregnancy.

34.    Defendant's proffered reason of terminating Ms. Fuentes was a reduction in work force.

35.    Defendant's proffered reason for termination was pretextual.

**FIRST CAUSE OF ACTION**
**SEX DISCRIMINATION/HARASSMENT**
**TITLE VII 42 U.S.C. § 2000(e) *et seq.* / NRS § 613.330**

36.    Ms. Fuentes hereby realleges and incorporates each and every allegation previously made herein.

37.    As set forth fully herein, Ms. Fuentes was subjected to unwelcome sexual harassment and/or discrimination.

38.    As set forth fully herein, Ms. Fuentes is a member of a protected class, female

39.    Defendant discriminated, harassed, and terminated Ms. Fuentes on the basis of her sex.

40.    Defendant committed unlawful actions, including but not limited to, sexually explicit comments, inappropriate touching of Ms. Fuentes, and harassment of Ms. Fuentes as a female. Such actions constitute unlawful sex discrimination and harassment.

41.    Defendant's unlawful conduct that Ms. Fuentes was forced to endure was so severe

Law Office of Steven H. Burke, LLC
d.b.a. The 808 Firm
9205 W. Russell Rd., Ste. 240, Las Vegas, NV. 89148
TEL.: (702) 793-4369   FAX: (702) 793-4301

and pervasive that it was frequent, humiliating, and interfered with Ms. Fuentes' ability to work.

42. Defendant's sexual conduct was sufficiently severe or pervasive as to alter the compensation, terms, conditions and privileges of Ms. Fuentes' employment.

43. Defendant, through its agents, became aware of sexual harassment and/or discrimination that Ms. Fuentes experienced and took no action to stop it.

44. Given the aforementioned, Defendant's conduct was so severe and pervasive as to constitute an objective abusive hostile work environment in violation of Title VII, 42 U.S.C. §2000(e) *et seq*. Defendant, in creating, condoning, and perpetuating a sexually hostile work environment, has engaged in a discriminatory practice with discriminatory hostility upon Ms. Fuentes' status as a female, with malice or reckless indifference to Ms. Fuentes' federally protected rights.

45. All of Defendant's unlawful actions described herein were done willfully and intentionally and in reckless disregard of Ms. Fuentes' protected rights under federal law.

46. As a direct and proximate result of Defendant's unlawful activity, Ms. Fuentes has sustained damages in excess of Fifteen Thousand Dollars ($15,000.00).

47. The conduct of Defendant has been malicious, fraudulent or oppressive and was designed to vex, annoy, harass or humiliate Ms. Fuentes and, thus, Ms. Fuentes is entitled to punitive damages.

48. As a result of Defendant's conduct, as set forth herein, Ms. Fuentes has been required to retain the services of an attorney and, as a direct, natural, and foreseeable consequence thereof, has been damaged thereby, and is entitled to reasonable attorney's fees and costs.

### SECOND CAUSE OF ACTION
### RETALIATION
### 42 U.S.C. § 12203 / 42 U.S.C. § 12101e *et seq*. / NRS § 613.340

49. Ms. Fuentes hereby realleges and incorporates each and every allegation previously made herein.

50. As set forth more fully above, Defendant retaliated against Ms. Fuentes when she opposed discrimination and unlawful conduct, in good faith, as detailed in her internal

Law Office of Steven H. Burke, LLC
d.b.a. The 808 Firm
9205 W. Russell Rd., Ste. 240, Las Vegas, NV, 89148
TEL.: (702) 793-4369  FAX: (702) 793-4301

complaint(s) and/or discussion(s) with Defendant.

51.     There exists a temporal proximity in relation to Ms. Fuentes's complaints of unlawful discrimination and Ms. Fuentes's resulting termination.

52.     Defendant retaliated against Ms. Fuentes when she opposed discrimination and unlawful conduct by terminating Ms. Fuentes and subjecting her to harassing behavior.

53.     Defendant's retaliatory action was in response to Ms. Fuentes' opposition to Defendant's unlawful discrimination.

54.     Defendant's termination of Ms. Fuentes constituted a retaliatory discharge in violation of 42 U.S.C. §2000(e) *et seq*., and NRS § 613.340.

55.     By taking these adverse actions, Defendant has engaged in discriminatory practices with malice and/or with reckless disregard to Ms. Fuentes's protected rights.  As a result, Ms. Fuentes has been damaged.

56.     As a direct and proximate result of Defendant's unlawful activity, Ms. Fuentes has sustained damages in excess of Fifteen Thousand Dollars ($15,000.00).

57.     Defendant has acted willfully and maliciously, and with oppression, fraud, or malice, and as a result of Defendant's wrongful conduct, Ms. Fuentes is entitled to an award of exemplary or punitive damages.

58.     As a result of Defendant's conduct, as set forth herein, Ms. Fuentes has been required to retain the services of an attorney and, as a direct, natural, and foreseeable consequence thereof, has been damaged thereby, and is entitled to reasonable attorney's fees and costs.

### THIRD CAUSE OF ACTION
### NEGLIGENT HIRING, TRAINING, AND SUPERVISION

59.     Ms. Fuentes hereby realleges and incorporates each and every allegation previously made herein.

60.     Defendant breached its duty of reasonable care to protect Ms. Fuentes from the negligent and/or careless actions of their own agents, officers, employees, customers and others.

61.     Defendant breached its duty of reasonable care by hiring individuals with a propensity towards committing unlawful acts against Ms. Fuentes.

Law Office of Steven H. Burke, LLC
d.b.a. The 808 Firm
9205 W. Russell Rd., Ste. 240, Las Vegas, NV. 89148
TEL.: (702) 793-4369   FAX: (702) 793-4301

Law Office of Steven H. Burke, LLC
d.b.a. The 808 Firm
9205 W. Russell Rd., Ste. 240, Las Vegas, NV. 89148
TEL.: (702) 793-4369  FAX: (702) 793-4301

62.    Defendant breached its duty of reasonable care by failing to adequately train and supervise their employees by with lawful policies and procedures of discrimination, harassment, and retaliation.

63.    As a direct and proximate result of Defendant's conduct described hereinabove, Ms. Fuentes has been damaged in an amount in excess of Fifteen Thousand Dollars ($15,000).

64.    As a result of Defendant's conduct, as set forth herein, Ms. Fuentes has been required to retain the services of an attorney, and, as a direct, natural, and foreseeable consequence thereof, has been damaged thereby, and is entitled to reasonable attorney's fees and costs.

65.    Defendant acted willfully and maliciously, and with oppression, fraud, or malice, and a result of Defendant's wrongful conduct, Ms. Fuentes is entitled to an award of exemplary or punitive damages.

**FOURTH CAUSE OF ACTION**
**VIOLATION OF THE FAIR LABOR STANDARDS ACT**
**WAGES 29 U.S.C. §203 *et seq.***

66.    Ms. Fuentes hereby realleges and incorporates each and every allegation previously made herein.

67.    This count arises from Defendant's violation of the FLSA, 29 U.S.C. § 201 *et seq*., for its failure to pay Ms. Fuentes minimum wage for each hour worked.

68.    At all material times hereto, Ms. Fuentes was employed by Defendant as an "employee" within the meaning of §203(e)(1) of the FLSA.

69.    Ms. Fuentes performed a variety of job duties and responsibilities for Defendant within this judicial district.

70.    Ms. Fuentes performed labor and services that are subject to the aforesaid provisions of the FLSA and Ms. Fuentes was an employee of Defendant during the time period pertinent to this Complaint.

71.    At all material times hereto, Defendant was Ms. Fuentes's "employer" per the FLSA, 29 U.S.C. §203(d).

72.    At all times relevant and during the course of her employment for Defendant, Ms.

Fuentes was employed by Defendant and was not exempt from the minimum wage provisions of the FLSA.

73.     Pursuant to 29 U.S.C. § 206, Ms. Fuentes was entitled to be compensated at a rate of minimum wage for each hour worked.

74.     Defendant did not pay Ms. Fuentes the proscribed minimum compensation for such work.

75.     Defendant's failure and refusal to pay lawful wages, to Ms. Fuentes violated the FLSA, 29 U.S.C. §§ 206-07, et seq.

76.     Defendant willfully violated the FLSA by refusing to pay Ms. Fuentes all lawful wages that she earned.

77.     All of the alleged various violations of the law herein were committed intentionally and/or willfully by Defendant herein.

78.     Per the FLSA, Ms. Fuentes seeks all available damages including but not limited to attorneys' fees, liquidated damages, and all lawful wages.

79.     Ms. Fuentes seeks a judgment for unpaid minimum wages and overtime compensation, and additional liquidated damages of 100% of any unpaid minimum wage compensation, such sums to be determined based upon an accounting of the hours worked by, and wages actually paid to Ms. Fuentes.

### FIFTH CAUSE OF ACTION
### FAILURE TO PAY WAGES
### NEVADA CONSTITUTION / NRS § 608.05 *et seq.*

80.     Ms. Fuentes hereby realleges and incorporates each and every allegation previously made herein.

81.     Pursuant to Article 15, Section 16 of the Nevada Constitution, and/or NRS § 608.018, *et. seq.*, Ms. Fuentes was entitled to receive lawful minimum wage.

82.     Upon information and belief, Defendant did not maintain all personnel records as required under NRS § 608.115.

83.     Defendant did not pay Ms. Fuentes the proscribed minimum compensation for

Law Office of Steven H. Burke, LLC
d.b.a. The 808 Firm
9205 W. Russell Rd., Ste. 240, Las Vegas, NV, 89148
TEL.: (702) 793-4369  FAX: (702) 793-4301

Law Office of Steven H. Burke, LLC
d.b.a. The 808 Firm
9205 W. Russell Rd., Ste. 240, Las Vegas, NV, 89148
TEL.: (702) 793-4369   FAX: (702) 793-4301

1   such work.

2   84.   Specifically, Defendant's refusal to compensate Ms. Fuentes for all her

3   commission earned is an unlawful deduction under NRS §608 *et seq.*

4   85.   Defendant's failure and refusal to pay lawful wages to Ms. Fuentes violated the

5   Nevada Constitution and NRS § 608 *et seq.*

6   86.   Defendant's failure to pay Ms. Fuentes for all wages earned is also an unlawful

7   decrease under NRS § 608.100.

8   87.   As a result of the foregoing, Ms. Fuentes seeks a judgment against Defendant for

9   the wages owed to her as prescribed by NRS § 608.140, to wit, for a sum equal to up to thirty

10  days' wages, along with interest, costs and attorney's fees.

11  88.   Further, Ms. Fuentes seeks all damages under NRS § 608.115 for failure to

12  maintain appropriate personnel records.

13  89.   Ms. Fuentes also seeks all damages under NRS § 608.100 for an unlawful decrease

14  of compensation.

15  90.   As a direct proximate result of Defendants' failure to pay lawful wages to Ms.

16  Fuentes, she has suffered general, special, and consequential damages in an amount in excess of

17  Fifteen Thousand Dollars ($15,000.00).

18  91.   Defendant's acts and/or omissions were fraudulent, malicious, and/or oppressive

19  under NRS § 42.005 and as such Ms. Fuentes is entitled to an award of punitive damages in

20  excess of Fifteen Thousand Dollars ($15,000.00).

21  92.   It was necessary for Ms. Fuentes to retain the services of an attorney to file this

22  action, which entitles Ms. Fuentes to an award of reasonable attorneys' fees and costs in this suit.

23  **WHEREFORE**, Plaintiff prays for judgment against Defendant as follows:

24  1.   For general damages in excess of $15,000.00;

25  2.   For special damages;

26  3.   For consequential damages;

27  4.   For punitive damages;

28  5.   For all damages and relief owed to Plaintiff under the Nevada Constitution and

Nevada law;

6.  For attorneys' fees and costs incurred in this action; and

7.  Such other and further relief as the Court may deem just and proper.

DATED this 16th day of February, 2021.

LAW OFFICE OF STEVEN H. BURKE

By:     /s/ Steven H. Burke
        STEVEN H. BURKE, ESQ.
        Nevada Bar No.: 14037
        9205 W. Russell Rd., Ste. 240
        Las Vegas, Nevada 89148
        T:  702-793-4369  |  F:  702-793-4301
        Email: stevenburkelaw@gmail.com
        *Attorney for Plaintiff*

# EXHIBIT "1"

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA ☒ EEOC | 487-2020-00528 |

| Nevada Equal Rights Commission | and EEOC |
|---|---|
| State or local Agency, if any | |

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Ms. Lika K. Fuentes | (808) 265-9253 | 1989 |

| Street Address | City, State and ZIP Code |
|---|---|
| 2300 E Silverado Ranch Blvd. Apt. 1054, Las Vegas, NV 89183 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| GYPSUM RESOURCES MATERIALS LLC. | 500 or More | (800) 898-4274 |

| Street Address | City, State and ZIP Code |
|---|---|
| 8912 Spanish Ridge Avenue, Suite 200, Las Vegas, NV 89148 | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON (Check appropriate box(es).)

☐ RACE  ☐ COLOR  ☒ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☒ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ GENETIC INFORMATION
☐ OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest **07-29-2019**   Latest **12-02-2019**

☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

On or about July 29, 2019, I was hired by Gypsum Resources Materials, LLC. in the position of Driver. My last position held was Safety Manager. Throughout my employment, I was sexually harassed by Manager, Dino LNU. Such as, but not limited to, Dino LNU subjecting me to sexually explicit comments on a constant basis, trying to hug me, putting his hands on me, trying to touch my lower back, trying to massage my shoulders, saying I looked sexier now that I am not pregnant, and that he wanted to sleep with me. I informed Human Resources, Marie Halliday, and my Supervisor, Erik Zhicalyuk, of the hostile work environment; however, no action was taken to investigate or to promptly correct. On or about December 02, 2019, I was discharged and was given the reason of a reduction in force.

I believe I was discriminated against because of my Sex (Female), and Retaliated against for engaging in a protected activity, in violation of Title VII of the Civil Rights Act of 1964, as amended.

I believe that a class of individuals were discriminated against due to their Sex (Female) and Retaliated against for engaging in a protected activity, in violation of Title VII of the Civil Rights Act of 1964, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| 3-10-20   *Lika Fuentes* Date   Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |

# EXHIBIT "2"

EEOC Form 161 (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

To:  **Lika K. Fuentes**
     **2300 E Silverado Ranch Blvd. Apt. 1054**
     **Las Vegas, NV 89183**

From:  **Las Vegas Local Office**
       **333 Las Vegas Blvd South**
       **Suite 5560**
       **Las Vegas, NV 89101**

| | *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))* | |

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **487-2020-00528** | **Juan N. Serrata,**<br>**Investigator** | **(702) 553-4459** |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ]   The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ]   Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ]   The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ]   Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X]   The EEOC issues the following determination:  Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes.  This does not certify that the respondent is in compliance with the statutes.  No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ]   The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ]   Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court.  Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost.  (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):**  EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

Tamara M. West
*Digitally signed by Tamara M. West*
*ou=Director-LVLO,*
*email=tamara.west@eeoc.gov, c=US*
*Date: 2020.11.19 09:46:51 -08'00'*

Enclosures(s)

**Tamara M. West,**
**Local Office Director**

(Date Mailed)

cc:   **Morgan Fashtchi**
      **GYPSUM RESOURCES MATERIALS, LLC.**
      **8912 Spanish Ridge Avenue, Suite 200**
      **Las Vegas, NV 89148**